1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHAD R. H.,

                Plaintiff,

    v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. 2:24-cv-02111-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

…

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

defendant's denial of plaintiff's application for supplemental security income ("SSI") and

disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of

Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the

jurisdiction of a Magistrate Judge. Dkt. 4. Plaintiff challenges the ALJ's decision finding

that plaintiff was not disabled. Dkt. 1-1, Complaint.

      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of Social Security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations

1   omitted). The Court must consider the administrative record as a whole. *Garrison v.*

2   *Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

3   evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

4   The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did

5   not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope

6   of the Court's review. *Id.*

7          On July 20, 2020, plaintiff filed applications for Disability Insurance Benefits

8   ("DIB") and Supplemental Security Income ("SSI"), alleging disability beginning

9   November 1, 2016, and later amended to June 30, 2019.  Administrative Record ("AR")

10  62, 340-55, 1169. Plaintiff met the insured status requirements of the Social Security

11  Act through December 31, 2024. AR 1169. His claims were denied initially on March 26,

12  2021, and upon reconsideration on February 11, 2022. AR 229-32, 241-48. Following a

13  hearing on August 18, 2022, Administrative Law Judge ("ALJ") Daniel Balutis issued an

14  unfavorable decision on September 7, 2022. AR. 62-75. The Appeals Council denied

15  review on June 26, 2023. AR. 1-3. Plaintiff filed suit in this Court on August 1, 2023. AR.

16  1249-50. On December 1, 2023, the Court remanded for further proceedings. AR. 1256-

17  57. The Appeals Council subsequently directed the ALJ to, in relevant part, reevaluate

18  the medical opinion evidence under the relevant regulations. AR 1261-63.

19         A second hearing was held on July 3, 2024, before ALJ Timothy Mangrum, who

20  issued an unfavorable decision on September 16, 2024. AR 1167-83. The ALJ found

21  plaintiff had severe impairments including opioid use disorder, generalized anxiety

22  disorder, major depressive disorder, chronic pain syndrome, left knee arthropathy and

23  osteoarthritis, and lumbar spondylosis. AR 1170. The ALJ concluded plaintiff had the

24

25

1  residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§

2  404.1567(b), 416.967(b) with the following additional limitations:

3      [Plaintiff] can occasionally balance, stoop, kneel, crouch, or crawl, and

4      occasionally climb ramps and stairs, ladders, ropes, or scaffolds. [Plaintiff] can

5      work at unprotected heights and moving mechanical parts frequently. He can

6      understand, remember and carryout instructions. He is able to perform simple,

7      routine and repetitive tasks but not at a production rate pace (e.g. assembly line

8      work).

9  AR 1173.

10     Relying on vocational testimony, the ALJ found jobs existed in significant

11  numbers that plaintiff could perform, such as garment folder, stock checker, and price

12  marker. AR 1181-82. Accordingly, the ALJ determined plaintiff was not disabled from

13  June 30, 2019 to September 16, 2024. AR 1183. Plaintiff timely appealed. Dkt. 1-1. This

14  Court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3).

15                              DISCUSSION

16  **1.  The ALJ did not err in the supportability and consistency analysis of the**

17      **medical source opinion of Dr. Jon Berner, M.D., PH.D.**

18     Plaintiff argues the ALJ failed to comply with the Appeal Council's remand order by

19  improperly discounting the opinion of his treating psychiatrist, Dr. Jon Berner, M.D.,

20  Ph.D. Dkt. 10 at 5. Plaintiff contends the ALJ did not conduct a proper supportability

21  analysis because the decision did not adequately explain how relevant objective

22  medical evidence failed to support Dr. Berner's opinion. *Id*. at 8. Plaintiff also asserts the

23  ALJ's consistency analysis was deficient because it relied on a vague statement that did

24

25
                                      3

1   not create a logical bridge between the evidence and the ALJ's determination. *Id*. at 10.

2   Defendant disagrees. Dkt. 14 at 3.

3       Plaintiff filed the claim on July 20, 2020, so the ALJ applied the 2017 regulations. AR

4   1168. Under the 2017 regulations, the Commissioner "will not defer or give any specific

5   evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's]

6   medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless

7   explain with specificity how he or she considered the factors of supportability and

8   consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b),

9   416.920c(a)–(b).

10      The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785

11   (9th Cir. 2022). Under these regulations,

12          an ALJ cannot reject an examining or treating doctor's opinion as
            unsupported or inconsistent without providing an explanation supported by
13          substantial evidence. The agency must "articulate ... how persuasive" it
            finds "all of the medical opinions" from each doctor or other source, 20
14          C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability
            and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).
15   *Id.*

16      Dr. Berner provided a one-page letter in September 2020, after treating plaintiff

17   five times after his February 2020 intake. AR 500 (Dkt. 9-7). He diagnosed depression

18   and chronic pain, noted concentration deficits and social withdrawal, and opined

19   plaintiff's "occupational activities disability is directly related to inability to maintain

20   adequate pace and concentration throughout a working day." *Id*. He also observed that

21   plaintiff's short to medium term prognosis was "very bad" given his inability to access

22   treatments due to his financial situation. *Id*.

23

24

25

The Appeals Council remanded with instructions that included the re-evaluation of the persuasiveness of Dr. Berner's opinion. AR 1262.  In the 2022 decision, ALJ Balutis stated:

> Psychiatrist Jon Berner, M.D. provided a letter documenting disability at the claimant's request. Dr. Berner stated that he saw the claimant five times from his intake in February 2020 to September 2020. Dr. Berner gives the opinion that the claimant is unable to work secondary to concentration disturbance and his inability to maintain adequate pace and concentration throughout the working day (Exhibit 4F). The undersigned Administrative Law Judge did not find Dr. Berner's opinion persuasive because it is an opinion reserved to the Commissioner. Dr. Berner did not provide articulation about the evidence that is inherently neither valuable nor persuasive to the issue of whether the claimant is disabled in accordance with 20 CFR 416.920b.

AR 71-72. In the 2024 remanded decision, ALJ Mangrum stated:

> Psychiatrist, Dr. Berner, provided a letter documenting disability at the claimant's request. He stated that he saw the claimant 5 times from his intake in February 2020 to September 2020, opining that the claimant is unable to work secondary to concentration disturbance and his inability to maintain adequate pace and concentration throughout the working day (4F). The undersigned finds his opinion is not persuasive because it is not supported by articulation about evidence that is inherently neither valuable nor persuasive to the issue of whether the claimant is disabled. *He provides little specificity as to limitations and does not support his opinion in his limited records, which show little more than mild concentration and minimal social anxiety in objective observations. It is also inconsistent with the minimal mental health treatment and relatively benign presentation to treatment providers as discussed above.*

AR 1179 (emphasis added). ALJ Mangrum, consistent with the Appeals Council's remand, reevaluated Dr. Berner's opinion, and expanded ALJ Balutis' evaluation of Dr. Berner's opinion.

- **Supportability**

The ALJ reasonably found Dr. Berner's opinion unpersuasive in light of its limited supportability. AR 1178-79.  Dr. Berner's September 2020 letter contained broad

5

1    conclusions that plaintiff could not sustain employment, but it did not articulate specific

2    functional limitations or identify objective findings that supported such restrictions. AR

3    500 (Dkt. 9-7). Under the regulations, conclusory statements that a claimant is unable to

4    work are reserved to the Commissioner and are "inherently neither valuable nor

5    persuasive." 20 C.F.R. §§ 404.1520b(c)(3).

6         The ALJ noted Dr. Berner's contemporaneous treatment notes often reflected

7    relatively benign findings rather than disabling symptoms. AR 1179. For example, Dr.

8    Berner documented that plaintiff demonstrated only "mild concentration disturbance"

9    (AR 629, Dkt. 9-7, 9/9/20 visit). He further observed an "appropriate level of anxiety"

10   (AR 627, Dkt. 9-7, 5/20/20 visit), recorded a "normal exam" with a plan for plaintiff to

11   return to work at his discretion (AR 626, Dkt. 9-7, 3/5/20 visit), and noted plaintiff was

12   only "minimally social anxious" (AR 625, Dkt. 9-7, 2/19/20 visit). On the first intake, he

13   observed that plaintiff's "exam is completely normal although he has spontaneous guilt"

14   and described him as "very anxious more than hopelessness," recommending follow-up

15   in ten days due to "rapid downward drift" (AR 624, Dkt. 9-7, 2/6/20 visit). The most direct

16   note resembling his later opinion was in May 2021, when he recorded that Plaintiff was

17   "[f]rustrated" and had "failed multiple antidepressants and has limited treatment options"

18   (AR 526, Dkt 9-7, 5/14/21 visit). These mixed findings--largely normal or mild clinical

19   observations, with only occasional references to frustration or limited treatment

20   responses--undermine Dr. Berner's conclusion that plaintiff could not sustain work due

21   to severe concentration deficits and social withdrawal. Thus, the ALJ's analysis

22   adequately addressed the supportability factor.

23

24

25

- **Consistency**

The ALJ also reasonably concluded that Dr. Berner's opinion was inconsistent with plaintiff's overall course of treatment and presentation. AR 1179. Although Dr. Berner described significant concentration deficits and social withdrawal, the ALJ noted plaintiff engaged in only minimal mental health treatment despite having access to care. AR 1175. Plaintiff testified that, aside from a brief lapse in insurance, he had Medicaid coverage for mental health services, yet he sought little treatment until shortly before the hearing, when he reported feeling better after a single counseling session. *Id*. The ALJ also observed that plaintiff's providers had not recommended antidepressant medication, which further undermined the severity of limitations Dr. Berner described. *Id*.

Treatment notes repeatedly documented cooperative behavior, appropriate affect, intact judgment, and largely normal examinations. *See, e.g.*, AR 587 ("normal, appropriate interactions"), 793 ("pleasant medium build Caucasian male who is oriented, interactive…), 901 ("In no acute distress…fluent and coherent. The patient answers questions appropriately"), 1461 ("attentive…clear, coherent and goal-directed..." with fair judgement and insight), 1470 ("attentive…clear, coherent and goal-directed..." with fair judgement and insight), 1477 ("attentive…clear, coherent and goal-directed..." with fair judgement and insight), 1786 (clinical psychological observations all normal). Even Dr. Berner's own records reflected only mild abnormalities, such as "mild concentration disturbance" and "minimal social anxiety" (AR 625, 629), with indications plaintiff could return to work (AR 626). Although the record reflects instances of frustration, treatment resistance, and financial barriers to more intensive psychiatric

care, the ALJ reasonably concluded that these isolated findings did not outweigh the broader record showing a consistent pattern of benign presentation and minimal treatment. For example, Dr. Berner documented that Plaintiff was "very desperate without suicidal thinking or psychosis" (AR 525, 4/9/2021 visit) and "frustrated without active suicidal thinking or spontaneous guilt" (AR 632, 11/3/2021 visit). These observations support the ALJ's determination that the record as a whole did not substantiate the extreme limitations Dr. Berner assessed and were accurately reflected in the RFC.

CONCLUSION

The ALJ reasonably found that Dr. Berner's opinion was both unsupported and inconsistent with the record as a whole. There is substantial evidence for this determination, satisfying the 2017 regulations and *Woods*, 32 F.4th at 792, as well as the Appeal Councils' remand order. Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 6th day of October, 2025

Theresa L. Fricke
United States Magistrate Judge